UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IJKG OPCO LLC, d/b/a CAREPOINT HEALTH–BAYONNE MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL TRADING COMPANY, CONSOLIDATED HEALTH PLANS INC., CIGNA CORPORATION, INC., ZELIS HEALTHCARE, INC. a/k/a PREMIER HEALTH EXCHANGE, INC., FIRST CHOICE INSURANCE SERVICES, L.L.C., and STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendants. | Civ. No. 17-6131 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, IJKG Opco LLC, doing business as CarePoint Health–Bayonne Medical Center ("BMC"), brings suit to recover the costs of medical care it provided to "Patient 1," who experienced severe renal complications and was hospitalized for about three weeks. The defendants named in the Amended Complaint[1] are General Trading Company ("General Trading"), which provided the patient's employee welfare benefits plan; Cigna Corporation Inc. ("Cigna");[2] Consolidated Health Plans, Inc. ("CHP"), which was a third-party administrator for the plan; Zelis Healthcare, Inc. ("Zelis"), also known as Premier Health

---

[1] The Amended Complaint (ECF no. 51), will be cited herein as "AC".

[2] Cigna states that its name is pled improperly in the Amended Complaint; the appropriate entity is Cigna Health and Life Insurance Company. Cigna's role as a plan administrator or fiduciary is disputed. *See* Section II.C.3.b, *infra*.

1

Exchange, Inc. or PHX, which was the claims contract negotiator; and Standard Security Life Insurance Company of New York ("SS Life"), which provided General Trading with a stop-loss policy that insured losses in excess of a deductible arising from specific plan beneficiaries.

I have already granted a motion to dismiss the Amended Complaint filed by defendant SS Life, and denied motions to dismiss or for judgment on the pleadings filed by General Trading and Zelis. (*See* Opinion ("Op."), ECF no. 122, as amended by Order, ECF no. 133.) Now before the court are motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), brought by CHP (ECF no. 104)[3] and Cigna (ECF no. 105). For the reasons stated herein, CHP's motion is denied, and Cigna's motion is granted.

### I. Summary of Facts

I will incorporate by reference the summary of the allegations of the Amended Complaint from my prior Opinion. (ECF no. 122) I state only a few of the most pertinent allegations here.

In November 2013, Patient 1 received treatment for a kidney ailment at BMC. The bill was $771,191.58. General Trading, whose self-funded employee welfare benefits plan provides coverage to Patient 1, reimbursed BMC for only $175,358.05 of that total.

CHP, General Trading's claim processor, issued an explanation of benefits on January 29, 2014, which provided reasons for disallowed charges. (*Id.* ¶ 28.) The majority of disallowances were labeled as "discount . . . negotiated through Premier Healthcare Exchange" or "[e]xceeds reasonable and customary charge." (*Id.*) On November 28, 2014, BMC filed an appeal with CHP. (*Id.* ¶ 30.) CHP denied the appeal in its entirety and directed BMC to balance-bill for the outstanding amount. (*Id.*)

---

[3] CHP styles its motion as one to dismiss, but because CHP has already answered the Amended Complaint (ECF no. 65), its motion is more properly viewed as one for judgment on the pleadings. Under the circumstances of this case, the distinction is purely technical.

2

On January 13, 2015, BMC filed a second-level appeal with CHP. (*Id.* ¶ 31.) By letter dated February 23, 2015, that appeal was denied. (*Id.* ¶ 32.)

BMC sues to recover the unreimbursed balance of its bill, in the amount of $595,833.53. Count One of the Amended Complaint claims that defendants General Trading and Cigna violated § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), *et seq.*, by underpaying the claim. (AC ¶¶ 47–61) Count Two is a claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), that defendants General Trading, Cigna, CHP, and Zelis (PHX) breached their fiduciary duties to Patient 1. (AC ¶¶ 62–73) Count Three is a claim under ERISA § 502(a)(3) that the same four defendants denied BMC full and fair review of the claim, in violation of ERISA § 503. (AC ¶¶ 74–79) [4]

## II. Discussion

### a. Standard of Review

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendants, as the moving parties, bear the burden of showing that no claim has been stated. *Animal Science Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to

---

[4] Count Four, a claim of breach of contract asserted on a third-party beneficiary theory against defendant SS Life, has been dismissed. (Op. 5–8)

relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also W. Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

A Rule 12(c) motion for judgment on the pleadings is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. Fed. R. Civ. P. 12(h)(2) "provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 426, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies, making due allowance, of course, for any factual allegations that are admitted in the responsive pleading. Thus, the moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In general, review is confined to the allegations in the pleadings. I am permitted, however, to consider "extraneous documents that are referred to in the complaint or documents on which the claims in the complaint are based" without converting this motion into one for summary judgment. *Morano v. BMW of N. Am., LLC*, 928 F. Supp.2d 826, 830 (D.N.J. 2013) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1996 (3d Cir. 1993)).

### b. CHP's Motion

CHP has filed a letter (ECF no. 104) joining General Trading's earlier-filed motion to dismiss the Amended Complaint. Specifically, CHP cites General

Trading's arguments that the action was not timely filed and that plaintiff BMC lacks standing because of an invalid assignment from its patient. In my earlier Opinion (ECF no. 122) I denied General Trading's motion. Specifically, I held that the Amended Complaint adequately alleged a valid assignment (Op. 8–10) and that it adequately alleged that the action was timely under the terms of the plan. (Op. 10–12) For the reasons expressed in my earlier Opinion, then, CHP's motion for judgment on the pleadings (ECF no. 104) is denied, without prejudice to renewal of these contentions in the context of summary judgment.

### c. Cigna's Motion

Cigna has filed a separate motion (ECF no. 105) for judgment on the pleadings with respect to the Amended Complaint. Some of the grounds are new or unique to Cigna, and I discuss them in Parts III.c.1 and 2. Some of the grounds overlap with those already decided, or might otherwise be regarded as redundant. I nevertheless discuss them in Parts III.c.3–5, because Cigna is entitled to assert such grounds to preserve its rights.

#### 1. Counts One and Three – Adequacy of pleading

Count One of the Amended Complaint alleges that "General Trading and Cigna" underpaid the claim. Count Three alleges that Cigna and others failed to provide a full and fair review of the claim. The Amended Complaint fails to allege factually, however, that Cigna was involved in the underpayment, or that it played any role in the processing of the claim.

The Amended Complaint variously alleges that "CHP is the third-Party plan administrator for the Plan, and, together with Cigna, jointly administers the General Trading Plan" (AC ¶ 13); that "Cigna is the claims administrator for the General Trading Plan" (AC ¶ 14); that "General Trading and Cigna are the insurers, obligors, fiduciaries, and/or relevant parties-in-interest for the Plan" (AC ¶ 49; *accord* ¶ 64); and that "General Trading, Cigna, CHP and [Zelis] PHX exercise discretionary authority . . . [and] are all fiduciaries of the Plan" (¶ 68).[5]

---

[5] In my earlier Opinion, deciding motions brought by other defendants (not Cigna), I made a passing reference to Cigna as a plan administrator, along with CHP.

5

These allegations are conclusory and in some cases compound, so that individual roles cannot be discerned.[6]

Here are the very few allegations in the Facts section of the Amended Complaint that mention Cigna:

> 24. . . . Upon information and belief, the Plan provides coverage for "in-network benefits" for "preferred providers" and for "out-of-network benefits" for "nonpreferred providers" with Cigna. BMC is an out-of-network provider with respect to Cigna and a "nonpreferred provider" within the meaning of the Plan.
>
> 31. [In a followup telephone call from BMC to a CHP representative regarding its appeal] . . . The CHP representative advised BMC that while General Trading was a self-funded Plan that used the Cigna network, CHP was the Plan payor and administrator, and [Zelis] PHX was CHP's third-party re-pricing company. The CHP representative stated that Patient 1's claim was paid by CHP based on the out-of-network coverage provided by the Cigna network and that no further payment would be made.
>
> 40. On September 9, 2015, Mr. [Douglas] Boyle [identified in AC ¶ 39 as "owner" of General Trading] sent Cigna a letter, stating that BMC was appealing a large claim and "as the plan administrator for the insured, General Trading Company, I am trying to find someone to handle this appeal as both Consolidated Health Plans and the broker, First Choice, will not return my calls or get involved in this process."
>
> 42. [In an email exchange with BMC] Mr. Boyle stated that the Plan was self-funded with an individual stop-loss limit of $50,000 and therefore, had no exposure above that amount. He again reiterated that BMC re-submit [sic] the bill to the other Defendants, namely, SS Life and Cigna.

(AC ¶¶ 24, 31, 40, 42)

---

In a subsequent Order I clarified that I had been summarizing the allegations of the Amended Complaint (see AC ¶ 13), not making a finding to that effect. (See ECF no. 133 (clarifying reference).)

[6] They are also in some tension with other allegations of the complaint, which state plainly that "CHP and [Zelis] PHX serve as the Plan Administrator and contract negotiator of the Plan." (AC ¶ 65; see also ¶ 51)

6

These paragraphs allege that Mr. Boyle emailed Cigna and others seeking relief from BMC's claims, and urging BMC to bill someone other than General Trading. But Cigna does not attain the status of plan or claims administrator, take on a fiduciary role, or even become factually involved, merely because General Trading sent it an email. The contents of those communications suggest that Boyle himself was the internal plan administrator, and that CHP, not Cigna, was the third-party administrator.

The allegations, even if generously read, suggest at best that the Plan "used" the Cigna network in some unspecified way. Cigna is not the insurer in the usual sense; the Plan is self-funded. (*See* ECF no. 69-2 at 12) CHP, as claims administrator, and Zelis (PHX), as "third-party re-pricing company" or "claims contract negotiator," are alleged to have adjusted and processed this claim. They did so, it is alleged, "based on the out-of-network coverage provided by the Cigna network." The meaning of that phrase (attributed to a "CHP representative") is opaque; while I can perhaps imagine an explanation, one is not alleged.

Nor does the Amended Complaint allege factually that Cigna had any involvement in processing this claim. To the contrary, it alleges very clearly that this claim was processed by CHP and Zelis (PHX). (AC ¶¶ 28–33, 65)

Count One will therefore be dismissed, without prejudice, for failure to plead with the factual specificity required by *Twombly/Iqbal, supra,* that Cigna bears any responsibility for the underpayment of which plaintiff complains. For the same reasons, Count Three must be dismissed as against Cigna; because Cigna is not alleged to have had any involvement in the processing of this claim, it cannot be liable for failing to provide adequate "review."

### 2. Counts Two and Three – Adequacy of pleading

Cigna, like Zelis in its earlier motion, asserts that Count Two (and, more ambiguously, Count Three) of the Amended Complaint, alleging a fiduciary breach, must be dismissed because they fail to allege factually that Cigna acted in a fiduciary capacity.

"In every case charging breach of fiduciary duty [under ERISA] . . . the threshold question is not whether the actions of some person employed to provide services under the plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to the complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Under ERISA, "an entity is a fiduciary with respect to a plan if it (i) 'exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets' or (ii) 'renders investment advice for a fee or other compensation . . . or has any authority or responsibility to do so,' or (iii) 'has discretionary authority or discretionary responsibility in the administration of such plan.'" *National Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 98 (3d Cir. 2012) (quoting 29 U.S.C. § 1002(21)(A)). An entity can be a fiduciary with respect to certain plan activities, but not with respect to others; thus, the threshold question is whether some person or entity was acting as a fiduciary (that is, was performing a fiduciary function) when taking the particular action at issue. *Id.* (citations omitted).

BMC concedes that the Plan formally confers discretionary authority on General Trading alone. (*See* Plan at 69, 85.) BMC argues, however, that the Amended Complaint adequately alleges that Cigna *functioned* as a fiduciary.[7] I therefore look to Cigna's role as alleged in the Amended Complaint and the indisputably authentic documents relied upon by the Complaint. In doing so, I

---

[7] Under ERISA, a person is a fiduciary if

(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets

. . . . or

(iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). *See Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013) (defining fiduciary status in functional, not formal, terms).

8

am guided by the following principles. The determination of whether an entity or person performs as a fiduciary is highly fact-based and dependent on the particular tasks they perform. *Neurosurgical Assocs. Of N.J., P.C. v. QualCare Inc.*, No. 12-3236, 2015 WL 4569792, at *2 (D.N.J. July 28, 2015). "Thus rulings on this issue have tended to occur after discovery rather than at the pre-discovery motion to dismiss stage." *Id.* (citing *In re Schering-Plough Corp. ERISA Litig.*, No. 03-1204, 2007 WL 2374989, at *7 (D.N.J. Aug. 15, 2007) ("Fiduciary status is a fact sensitive inquiry and courts generally do not dismiss claims at this early stage".) Still, for the case to go forward, the complaint must "sufficiently plead[] defendants' ERISA fiduciary status." *Id.* That means that the complaint's allegations of fiduciary status must meet the *Twombly/Iqbal* threshold of factuality and plausibility.

In the previous section, I reviewed the allegations of the Amended Complaint that mention Cigna. It is true that the complaint alleges generally, in conclusory terms, that Cigna was a fiduciary. That conclusion, however, is not backed by any factual allegations. As stated above, emails from Mr. Boyle attempting to get the plaintiff off his back do not suffice to shift fiduciary status to Cigna. The Amended Complaint alleges that, although the Plan was self-funded and the relevant claim was processed entirely by CHP and Zeles, it was processed "based on" the out-of-network coverage provided by the Cigna network. That allegation is simply too vague to establish that Cigna acted as a fiduciary. *See, e.g., Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-03057, 2013 WL 5780815, at *8 (D.N.J. Oct. 25, 2013) (Allegation that a third-party administrator was a fiduciary, without supporting facts, was not sufficient); *Surgical Ctr. V. Horizon Blue Cross Blue Shield of N.J.*, No. 12-2478, 2012 WL 6089814, at *2-3 (D.N.J. Dec. 6, 2012).

For these reasons, Count Two is dismissed as against Cigna, without prejudice.

* * *

The remaining sections discuss grounds that are redundant in light of the above rulings, or that were already decided in my earlier opinion. I will therefore be brief.

### 3. Duplicative claims

Cigna, like General Trading, argues that I must also dismiss Count Two (fiduciary breach) and (somewhat ambiguously) Count Three (denial of full and fair review), because they are duplicative of Count One (underpayment, ERISA § 502(a)(1)(B)). As in my earlier Opinion, I agree that duplicative *relief* might be inappropriate. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). *Varity* does not, however, prohibit a party from pleading alternative claims. (*See* Op. 13 (citing cases).) Cigna objects that the real thrust of this litigation is whether the claim was underpaid, that the mere presence of a fiduciary claim will alter the course of the litigation, and that I should exercise my discretion to dismiss it. A party is permitted, however, to plead in the alternative, *see* Fed. R. Civ. P. 8(d), and the answer to the question of whether the claims are duplicative would depend on further factual development. Therefore, I would deny Cigna's motion to dismiss Count Two or Count Three on these grounds.

### 4. Standing

Cigna, like General Trading before it, argues that BMC does not possess a valid assignment of rights from Patient 1, and therefore lacks standing to pursue an ERISA claim. For the reasons expressed in my earlier Opinion (Op. 8–10), Cigna's motion to dismiss on these grounds would be denied without prejudice.

### 5. Timeliness

Cigna also echoes General Trading's assertion that this action was not filed within the time frame dictated by the Plan. The Amended Complaint alleges, *inter alia,* that General Trading cannot invoke the Plan deadline because it failed to fulfill the precondition of informing it of the contractual limitations provision and the deadline for judicial review. (AC §§ 72, 76) In my

earlier Opinion, I denied the motion to dismiss on these grounds, because the application of the time bar depended on facts not apparent from the face of the complaint. The same reasoning applies here, and I would therefore deny Cigna's motion to dismiss on timeliness grounds.

## IV. Conclusion

For the foregoing reasons, CHP's motion for judgment on the pleadings (ECF no. 104) is DENIED, and Cigna's motion for judgment on the pleadings (ECF no. 105) is GRANTED.

An appropriate order follows.

Dated: September 5, 2018

**Kevin McNulty**
**United States District Judge**